## ROUTE 26 LAND DEVELOPMENT ASSOCIATION, Plaintiff,

v.

## UNITED STATES GOVERNMENT, Defendant.

### No. CIV.A. 88–0643–SLR.

United States District Court,
D. Delaware.

Jan. 25, 2002.

---

Harold W. Purnell, II, Tunnell & Raysor, Georgetown, DE, for plaintiff.

Richard G. Andrews, U.S. Attorney's Office, Wilmington, DE, for defendant.

## MEMORANDUM ORDER

SUE L. ROBINSON, District Judge.

## I. INTRODUCTION

Plaintiff Route 26 Land Development Association ("Route 26") files this motion to reopen a declaratory judgment action [1] based on a recent decision of the United States Supreme Court, *Solid Waste Agency of Northern Cook County v. Army Corps of Engineers*, 531 U.S. 159, 121 S.Ct. 675, 148 L.Ed.2d 576 (2001) (the "*SWANCC* decision"). (D.I.44) Route 26 contends this case warrants reopening to determine whether: (1) the *SWANCC* decision is applicable; (2) the property [2] constitutes "isolated" wetlands over which "the Federal and State governments assert jurisdiction and resulting police power;" and (3) the defendant granted a fill permit in November 1996 and by doing so waived applicable laws and requirements. Further, Route 26 has requested a stay of its appeal [3] to the United States Court of Appeals for the Federal Circuit pending a determination of this action.

Defendant United States Government (the "United States") opposes the motion to reopen because the court never reached any substantive issues in its prior decision which could be implicated by the *SWANCC* decision. (D.I.48) According to the United States, the Supreme Court

1. *Route 26 Land Development Association v. United States Government*, 753 F.Supp. 532 (D.Del.1990).

2. The property in issue constitutes a 14½ acre tract of land located in Bethany Beach, Delaware. Thirteen of these acres have been designated as wetlands by the United States Army Corps of Engineers (the "Corps").

3. *Walcek v. United States*, 49 Fed. Cl. 248 (Fed.Cl.2001). In this "takings" action, the court found, *inter alia*, that 13.2 acres of the property is federally regulated wetlands, requiring a section 404 permit from the Corps before the site can be filled and that there was no taking of property.

found the Corps lacked regulatory authority over isolated wetlands based on the presence of migratory birds. Conversely, here, the court dismissed Route 26's complaint for lack of subject matter jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 704, because the cease and desist orders at issue were not final agency actions.

## II. DISCUSSION

Although Route 26 has not indicated the standard of review, it appears the motion to reopen falls under Fed.R.Civ.P. 60, which provides relief from

a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The motion must be made not more than one year after the judgment, order or proceeding was entered for sections (1), (2) and (3) to apply. For the remaining grounds, application for relief must be made within a reasonable time.

Route 26[4] has failed to identify which section applies nor has it provided detailed argument to substantiate the motion to reopen. From the reference to the *SWANCC* decision and the passage of

twelve years since this court's decision on the declaratory judgment action, it appears that Route 26 seeks relief under Rule 60(b)(6).

Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment." *U.S. v. Witco Corp.* 76 F.Supp.2d 519, 527 (D.Del.1999). It is within the sound discretion of the trial court to grant or deny relief under this section. *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir.1986).

It is clear that the 1990 declaratory action was dismissed because the court found it lacked subject matter jurisdiction under the APA and accordingly never reached any substantive issues. Conversely, in *SWANCC*, the Supreme Court decided the substantive issue of the Corps' jurisdiction involving isolated wetlands and migratory birds. Even a liberal construction of Rule 60(b)(6) does not result in the *SWANCC* decision having any effect on this court's prior decision.

## III. CONCLUSION

For the reasons stated, at Wilmington this 25th day of January, 2002;

IT IS ORDERED that plaintiff's motion to reopen is denied. (D.I.44)

---

4. Route 26 did not file a reply to the Government's opposition.